# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### MARTINSBURG

**UNITED STATES OF AMERICA,**

      Plaintiff,

v.

                                          **CRIMINAL ACTION NO. 3:13-CR-2(1)**
                                          **(JUDGE GROH)**

**JENNIFER N. HILEMAN,**

      Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DELAY SELF REPORT DATE

Currently pending before the Court is the Defendant's Motion to Delay Self Report Date [Doc. 64], filed today at 8:55 a.m. The Defendant appeared before this Court on September 16, 2013 for sentencing [Doc. 53]. This Court sentenced the Defendant to a term of sixteen months imprisonment on Count One of the Indictment, Conspiracy to Possess with Intent to Distribute and to Distribute Heroin. This Court ordered the Defendant to report to the United States Marshals Service today, October 21, 2013.

In support of the instant motion, the Defendant, by counsel, asserts that she received notice that she was to self report to FCI Tallahassee, Florida by noon on October 21, 2013. She further asserts that, on October 18, 2013, the Defendant's probation officer notified her that, if a 2010 charge pending in Hampshire County, West Virginia would not be prosecuted, the Defendant could be reclassified and allowed to be placed in a facility closer to her home. The Defendant states that her counsel contacted the prosecuting attorney of Hampshire County, who asserted that he would seek an order dismissing the pending charge with prejudice. However, the Defendant asserts that the dismissal could

not be finalized by her current self report date. Therefore, she requests that the Court extend her self report date by sixty days so that she can be reclassified prior to her admittance to the Bureau of Prisons. The Defendant asserts that her probation officer has informed her counsel that he would prefer that the Defendant be reclassified before she reports to the United States Marshals Service, but that the Defendant could be reclassified after her current self report date.

In considering the Defendant's motion, the Court does not find good cause to extend the Defendant's report date. The Defendant admits that, if the Court does not grant this motion, she can later be reclassified. Therefore, maintaining the current report date of October 21, 2013 will not preclude the Defendant from being reclassified if the charge pending in Hampshire County, West Virginia is dismissed. Accordingly, the Defendant's Motion to Delay Self Report Date **[Doc. 64]** is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: October 21, 2013.

GINA M. GROH
UNITED STATES DISTRICT JUDGE